**Floyd WILLIS, Appellant,**

v.

**TEXAS COTTON ASSOCIATION, Appellee.**

No. 6402.

Court of Civil Appeals of Texas.

Amarillo.

April 12, 1954.

Rehearing Denied May 17, 1954.

John N. Touchstone, Dallas, for appellant.

Scott, Wilson & Cureton, Waco, for appellee.

NORTHCUTT, Justice.

Appellant brought suit in Dallas County, Texas, against appellee, a corporation, for personal damages. Appellant alleges he was a cotton merchant in Dallas County, Texas; that the appellee was an incorporated association known as a trade association consisting of the membership of cotton merchants, shippers, and exporters; that the appellee issued certificates of membership to its members for the purpose of promoting the business of export, import, and sale of cotton by its members because membership therein is considered by the cotton trade as a badge of qualification, capacity, and integrity in such business; that appellant was a member of the appellee and the owner of a valid certificate of membership therein until on or about May 6, 1951, when such membership was wrongfully, arbitrarily, and willfully cancelled by appellee to appellant's damage. Appellee filed its plea of privilege to be sued in McLellan County, Texas, the place of its residence. Appellant filed a controverting plea urging that exceptions to exclusive venue existed under the Subdivisions 23 and 7 of Article 1995, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995. In his controverting plea, appellant made his petition a part thereof. In his petition he alleged on December 17, 1948, he sold 400 bales of cotton to a concern in Germany, which cotton was sold upon certain grade specifications; that the German concern as vendee claimed the cotton did not meet the specifications and demanded an arbitration; that thereafter a purported arbitration was had and the appellant was directed to pay the vendee $1883.38 but that he refused to pay the same; that after appellant refused to pay such sum the vendee filed a complaint with the appellee because of appellant's membership in the appellee; that appellee thereafter without full and adequate investigation of the falsity of such award and without permitting appellant to prove the facts with regard to the fraud which existed in the arbitration did through its Board of Directors cancel and annul appellant's membership in the appellee.

On a hearing, the trial court held the plea of privilege should be sustained and ordered the case transferred to McLellan County, Texas, the residence of the appellee. From this order, the appellant presents his appeal relying upon that portion of Section 23 of Article 1995 of the Revised Civil Statutes of Texas which provides suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated or in the county in which the plaintiff resided at the time the cause of action or a part thereof arose provided such corporation, association, or company has an agency or representative in such county.

■ It is undisputed that the appellant resided in Dallas County at all times pertinent to this suit. It is likewise undisputed that Mr. A. Owen, President of the appellee, resided in Dallas County at the time of filing the suit. The appellee's principal office is situated in Waco, McLellan County, Texas. The sole question here is as to venue and not as to liability. We are of the opinion, and so hold, that although A. Owen was President of appellee and resided in Dallas County, he was not such representative of the appellee as provided for in Section 23. Residence alone is not sufficient. The evidence relied upon by appellant to establish that the business of appellee was carried on in Dallas County was that the President directed Mr. Murray, the Executive Vice-President and Treasurer, as to the issuance of notice as to the time and place of meetings of the Board of Directors and Mr. Murray issued the notices. There is no proof that this was ever done by Mr. Owen or where he had to notify Mr. Murray. The proof goes no further than to show that Mr. Owen resided in Dallas County. As stated in the case of Presstite Engineering Co. v. Richards, Tex. Civ.App., 243 S.W.2d 230, at page 232:

"It is our opinion that the evidence is insufficient to support appellant's argument that Barlow was an agent or representative of appellant sufficient to establish its residence in Dallas County for the purpose of venue in this suit.

Mergenthaler Linotype Co. v. Herrmann, Tex.Civ.App., 211 S.W.2d 633.

"The proof goes no further than to show that appellant's agent, Barlow, resided in Dallas County and through his own telephone at his home could be located. There is an absence of any proof that any business was transacted there. These facts do not establish the existence of an agent or representative of appellant in Dallas County. Rudco Oil & Gas Co. v. Ogden, Tex.Civ.App., 167 S.W.2d 586.

"The trial court made no specific findings, however we must presume that he weighed all the evidence before him, and his finding against appellant is sufficient to support his conclusion that the residence of appellant is Dallas County for the purpose of venue in this cause does not exist."

■ However, should it be conceded that Owen was a representative of appellee under Section 23 of Article 1995, we are of the opinion, and so hold, that appellant would be required to show a cause of action against appellee. It would be useless to show where the appellant resided unless a cause of action existed, since the statute provides the suit may be brought in the county in which the plaintiff resided at the time the cause of action or part thereof arose. There would be no way of showing the time the cause of action or a part thereof arose unless it was first shown that a cause of action or a part thereof actually arose and when it arose. The only testimony in the record as to a cause of action is the removing of appellant's name from the membership. After asking appellant if he was the plaintiff in this suit, the following question was asked: "You are suing and asking for damages on account of the fraudulent dropping of you as a member of the association?" His answer was, "Yes, that is what I think." What appellant might "think" is not evidence of any fact supporting a cause of action.

Finding no reversible error, the judgment of the trial court is affirmed.