**H. T. GROCE, Appellant,**

v.

**GULF OIL CORPORATION, Appellee.**

No. 17254.

Court of Civil Appeals of Texas.
Dallas.

March 28, 1969.

Howard V. Tygrett, Jr., and James Clement, Irving, for appellant.

William F. Erwin, Jr., Houston, for appellee.

DIXON, Chief Justice.

Appellant H. T. Groce filed suit in Dallas County against appellee Gulf Oil Corporation. The latter filed a plea of privilege asking that the cause be transferred to Harris County, its place of residence. Appellant filed a controverting plea seeking to retain venue in Dallas County under Art. 1995, Subdivisions 5 and 23, Vernon's Ann.Civ.St. The trial court sustained appellee's plea of privilege.

In his original petition appellant alleges that (1) for approximately two years he operated a service station in Irving, Texas in Dallas County; (2) in reliance on representations made by appellee he expended $8,000 on personal property, which he was required to buy from appellee; (3) W. C. Crouch, appellee's District Sales Manager, began making unreasonable demands on him and threatened to terminate his lease; (4) Crouch coerced him into executing an ambiguous Service Station Lease Agreement dated March 20, 1968 for a period of four months; (5) Crouch coerced him into leaving the premises, so that it became necessary for him to move the property which he had purchased from appellee at a cost of $8,000 and which he cannot use or sell at any reasonable market value; and (6) appellee's requiring him to expend $8,000 for personal property to obtain a lease violates the anti-trust laws of the State of Texas. Appellant prayed for $8,000 actual damages and $5,000 exemplary damages.

In his first point on appeal appellant contends that the suit comes within the provisions of Subdivision No. 5[1] of the venue statute because he "showed the cause to be based on a contract in writing to perform an obligation in Dallas County." We do not agree.

■ Appellant is correct when he says that a plaintiff seeking to invoke the provisions of Subdivision 5 does not have to prove that a cause of action exists. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, 699 (1942); Whitworth v. Mangels, 347 S.W.2d 844 (Tex. Civ.App., Waco 1961, writ dism'd). However such a plaintiff does have to show that the obligation sought to be enforced is made performable in the county of suit by the terms of the contract itself. Moreover the determining factor is not whether the contract requires the plaintiff to perform in the county of suit, but whether the contract requires the defendant to so perform. Rogers et al. v. Waters, 262 S.W. 2d 521 (Tex.Civ.App., San Antonio 1953, no writ).

■ In his controverting affidavit appellant says: "Plaintiff's Original Petition sets out fully his cause of action * * *." Yet in said affidavit appellant attempts to introduce a new plea not included in his original petition: he says that his cause of action is one for breach by appellee of the written contract. We cannot consider this new plea. The allegations in a controverting affidavit cannot supply the necessary venue facts which are not alleged in the petition. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Douglass v. Flintkote Co., 207 S.W.2d 635 (Tex.Civ.App., Dallas 1947, no writ); Price v. Murrell R. Tripp & Co.,

---

1. Subdivision 5 provides that "If a person has contracted in writing to perform an obligation in a particular county, *expressly naming such county, or a definite place therein,* * * * suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." (Emphasis ours.)

Inc., 268 S.W.2d 702 (Tex.Civ.App., El Paso 1954, no writ); Texas Planting Seed Association v. Hooker, 386 S.W.2d 348 (Tex.Civ.App., Corpus Christi 1964, no writ).

■ We have carefully examined appellant's petition and we find no allegations which would support a holding that this is a suit upon a written contract whereby appellee expressly undertakes to perform its obligation in Dallas County.

We have also examined the contract itself. It is not ambiguous. We find nothing in it which requires appellee to perform its obligation in Dallas County. See Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 678 (1935). It is silent as to the place of payment of the rent, and as to other matters. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952). In fact paragraph 8 [2] of the contract, relied on by appellant, is negative in nature—it denies to appellee the right to direct or control any of the operations or activities of the service station. Certainly paragraph 8 cannot be understood to require appellee to perform anything in Dallas County within the purview of Subdivision 5. We overrule appellant's first point.

In his second point of error appellant says, with reference to Subdivision 23, that he showed a cause of action which arose in Dallas County, thus complied with the requirements to retain venue in Dallas County under the above subdivision. Again we do not agree.

■ Subdivision 23, unlike Subdivision 5, does require that a plaintiff seeking to invoke its provisions must not only allege a cause of action but must prove by a preponderance of the evidence that a cause of

action exists. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605 (1950); General Motors Corporation v. Ewing, 300 S.W.2d 714 (Tex.Civ.App., Waco 1957, no writ); Texas Bank & Trust Co. of Dallas v. Custom Leasing, Inc., 402 S.W.2d 926 (Tex.Civ.App., Amarillo 1966, no writ).

■ Appellee has failed to meet the latter of the two above requirements. There is no evidence that appellee's agent threatened to terminate appellant's lease thereby coercing appellant into signing an ambiguous lease on March 20, 1968. The facts as admitted by Groce are that (1) the previous existing lease under which Groce had operated the station expired approximately March 19, 1968; (2) Groce then executed the four month's lease of March 20, 1968, which expired by its own terms on June 19, 1968; (3) Groce was thereafter allowed ten days to vacate the premises and he signed a letter agreeing to vacate within that time; (4) subsequently he was allowed an additional week, or until July 7, 1968 to vacate the premises; (5) Groce took over the operation of a Texaco service station on July 5, 1968 and on the same date voluntarily gave the keys to the Gulf service station to the new dealer to whom appellee had leased the station.

There is no evidence of any representations by appellee by which appellee allegedly required him to purchase personal property from appellee: Groce himself testified that (1) he bought the property from one Charles Sublett, not from appellee, for $4,200, not for $8,000; (2) the $4,200 was loaned to him by appellee and was repaid by appellant; (3) when he vacated the premises he sold part of the personal property to his successor at the Gulf station for a consideration of $500; (4) he then re-

2. Paragraph 8 is as follows:
   "8. None of the provisions of this lease shall be construed as reserving to Lessor any right to exercise control over the service station business and operations of the Lessee conducted upon the leased premises, or to direct in any manner how

Lessee shall conduct his business. It is understood and agreed that the entire control and direction of said activities shall be and remain in Lessee, and neither Lessee nor any other persons employed by him shall be deemed or considered employees or agents of Lessor."

moved the remainder of the property to the Texaco station he took over on July 5, 1968, where it is now in use.

There is no evidence that appellee ever cancelled any of the leases, or extension agreements it made with appellant. Every agreement between them expired under its own terms.

Other undisputed evidence discloses a wide variance between the pleadings and the proof in this case, but we shall not go further into detail. Appellant's second point is overruled.

■ In his third point appellant complains of the refusal of the court, after the close of the evidence, to allow him to file a trial amendment.

We see no merit in appellant's third point for these reasons:

1. Appellee objected in each instance to the admission of certain testimony of appellant on the ground that it was without support in the pleadings. The objections were overruled and the testimony was admitted into evidence. Presumably the trial court considered the testimony in reaching his decision. Thus no harm was caused to appellant as a result of the court's refusal to permit the filing of a trial amendment. Coming from an interested witness appellant's testimony raised only questions of fact which the court found adversely to appellant's contentions. Such implied findings are binding on appellant and on this court.

2. Groce's testimony did not support the allegations in his proposed trial amendment.

■ 3. Though Rule 66, Vernon's Texas Rules of Civil Procedure, contemplates that trial amendments shall be freely made, the court is vested with a sound discretion in regard thereto. Lone Star Steel Co. v. Owens, 302 S.W.2d 213 (Tex.Civ.App., Texarkana 1957, writ ref'd n. r. e.). Under the circumstances presented by this record we cannot say that the court abused its dis-

cretion in refusing appellant permission to file a trial amendment.

Having overruled all three of appellant's points of error, we affirm the trial court's judgment.

Affirmed.