**STONEWALL INSURANCE COMPANY, Appellant,**

**v.**

**Paul DONALD, Appellee.**

**No. 17272.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 14, 1972.

Rehearing Denied Feb. 4, 1972.

Oster & Kaufman, and Stanley M. Kaufman, and Herbert Garon, Jr., Dallas, for appellant.

Jack Connell, Bowie, for appellee.

## OPINION

BREWSTER, Justice.

The defendant, Stonewall Insurance Company, is here appealing from an order overruling its plea of privilege. Defendant was a foreign corporation that had a permit to do business in Texas and the address of its agent for service was in Dallas County.

On appeal the plaintiff urges that the trial court's ruling was proper, contending that venue can properly be maintained in Montague County, the county of suit, under the parts of Subdivisions 23 and 27 of Article 1995, Vernon's Ann.Civ.St., that we quote below and also under Subd. 5 of that statute.

The only part of Subd. 23 that is material here provides: "Suits against a private corporation, . . . may be brought in the county . . . in which the cause of action or part thereof arose; . . . ."

The only part of Subd. 27 that is material here provides: "Foreign Corporations . . . doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, . . . ."

On this appeal the plaintiff concedes that he did not prove at the venue hearing a right to keep venue of this case in the

county of suit under any part of either Subd. 23 or 27 other than the parts that we have quoted above, so the other parts of such subdivisions are immaterial here.

In this case plaintiff's petition alleged in substance: that he had previously been injured in a car wreck that he had with one McAllister; that he, Paul Donald, had, in a prior case in that Montague County District Court, sued McAllister for damages for personal injuries caused plaintiff in that automobile collision between their two cars; that he obtained in that case a default judgment for $17,464.00 in damages for such personal injuries against McAllister; that there was in effect at the time of the collision a policy of insurance issued by defendant, Stonewall Insurance Company, to McAllister, which contract provided that the company would pay on behalf of McAllister all sums that he should become legally obligated to pay as damages for personal injuries sustained by others *as a result of a car wreck involving the car described in the policy,* which car was the same one being driven by McAllister at the time of the wreck; that pursuant to that contract of insurance the defendant here became bound to pay plaintiff the amount of the judgment that he recovered against McAllister in the other case that was also in this same court; that although defendant has often been requested to pay the judgment, it has paid no part thereof; and plaintiff prayed for a recovery from the insurance company of the amount of such judgment, interest and costs.

■ To sustain venue under Subd. 23 plaintiff was required to allege and to prove at the venue hearing by a preponderance of the evidence: (1) that defendant was a private corporation; (2) that plaintiff had a cause of action against defendant; and (3) that such cause of action or a part thereof arose in Montague County, Texas. See Grayson Enterp., Inc. v. Texas Key Broadcasters, Inc., 390 S.W.2d 346 (Eastland Civ.App., 1965, writ dism.).

To sustain venue under the applicable part of Subd. 27 plaintiff had the burden of pleading and proving by a preponderance of the evidence at the venue hearing that: (1) defendant was a foreign corporation; (2) that plaintiff had a cause of action against defendant; and (3) that at least a part of the cause of action arose in the county of suit. See on this General Mills, Inc. v. Livingston, 333 S.W.2d 215 (Eastland Civ.App., 1960, no writ hist.).

So under both Subds. 23 and 27, the plaintiff was required to prove at the venue hearing by a preponderance of the evidence the cause of action that he had alleged against the insurance company.

■ The insurance company contends that plaintiff failed to meet that burden and that for that reason the plaintiff did not prove a right to keep venue of the case in Montague County under either Subds. 23 or 27 of Art. 1995. We sustain this contention.

Neither the plaintiff nor any other witness to the alleged car wreck testified. In order to prove the cause of action that he alleged it was necessary that plaintiff offer at the venue hearing some evidence to prove that he was in fact involved in an automobile collision with McAllister's particular car that was alleged to be the one insured, and that Donald sustained injuries therein. It was also necessary that he prove the date of the occurrence of such alleged wreck in order to prove that it occurred within the time period covered by the policy sued on.

At the venue hearing plaintiff offered no evidence that tended to establish those facts.

It is true that he did offer into evidence the judgment that he had obtained against McAllister in Case No. 15171 (to which case the defendant here was not a party) and then offered his own lawyer's testimony that the nature of that case was one by Donald against McAllister for injuries and

damages allegedly received by Donald in an accident with McAllister. It was necessary in establishing plaintiff's case that these facts also be proved, but proof of them did not supply the particular omission in the evidence that we have referred to above.

In addition to the above, the plaintiff offered no evidence whatever tending to prove the terms of the contract of insurance that was sued upon, nor the period of time that the policy covered, nor the description of the particular car belonging to McAllister that plaintiff had alleged was the one covered by the policy. This proof was necessary in order to prove the cause of action pleaded, even though defendant did not deny under oath the execution of the contract as required by Rules 93 and 86 of Texas Rules of Civil Procedure. See Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Tex.Sup., 1965).

The proof of these matters listed above were all essential to establish the cause of action sued upon. Any time plaintiff set out to prove up the case he pleaded he had to prove those omitted facts, whether the occasion be a trial on the merits or a venue hearing.

Because of the lack of proof as above indicated we are compelled to hold that plaintiff failed at the venue hearing to prove the cause of action he alleged and that therefore venue cannot be upheld by us under either subds. 23 or 27 of the venue statute.

No effort was made in the case to use admissions or interrogatories, as provided by the rules, to narrow the issues on which proof would be required at the venue hearing.

Plaintiff also contends that venue of this case was properly in Montague County under Subd. 5 of Art. 1995. We overrule that contention.

Subdivision 5 provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, . . . suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Under that subdivision it is not necessary to prove at the venue hearing the existence of the cause of action sued upon. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (Tex.Com.App., 1942) and Roach v. Schaefer, 214 S.W.2d 128 (Fort Worth Civ.App., 1948, no writ hist.).

■ The essential venue facts necessary to be established at the venue hearing under Subd. 5, Art. 1995, are the following: (1) that the defendant is a party within reach of the exception; (2) that the suit is based upon a written contract; (3) that the contract was entered into by defendant or by one authorized to bind him, or was assumed or ratified by him; and (4) *that the contract, by its terms, provides for performance of the obligations sued upon in the county of suit.* See 1 McDonald Texas Civil Practice, Sec. 4.11.1; Brisco Brothers v. Henderson, 443 S.W.2d 923 (Corpus Christi Civ.App., 1969, no writ hist.), and Vaquero Drilling Company v. Adcock Pipe and Supply, 453 S.W.2d 908 (San Antonio Civ.App., 1970, no writ hist.).

It is true that in this case defendant did not deny under oath that it had executed the contract sued upon as required by Rules 93 and 86, T.R.C.P.

■ At the plea of privilege hearing that plaintiff offered no evidence whatever to prove the terms of the contract sued upon in an effort to prove up essential venue fact listed above as No. 4.

The law is that when defendant did not deny under oath that it executed the written contract sued upon this only relieved the plaintiff of the necessity of proving at the venue hearing the execution by defendant of such contract. This failure of defendant to deny the execution of this contract under oath did not relieve the plaintiff of his obligation to prove by competent

evidence at the venue hearing that the terms of the contract sued upon provided for performance in the county of suit of the obligations sought to be enforced. The Texas Supreme Court in Thompson v. Republic Acceptance Corporation, supra, settled the law on that question.

The prior Supreme Court opinion in Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956) is not in conflict with the holding of the Thompson case just referred to.

Because plaintiff offered no evidence whatever at the venue hearing to establish essential venue fact No. 4, above, he did not establish a right to keep venue of the case in Montague County under Subd. 5.

The record here presents several other serious questions concerning plaintiff's right to keep venue in the county of suit under Subd. 5, but it is not necessary for us to discuss them in view of what we have said above.

We are confronted with the question of whether to reverse and render or reverse and remand this venue matter. A reading of this record leads us to the conclusion that plaintiff could, rather easily, gather the proof required in order to maintain venue in the county of suit under one or more of the subdivisions of Art. 1995, that he has here relied upon. We had a similar question before us in Great Southwest Life Insurance Company v. Camp, 464 S.W.2d 702 (Fort Worth Civ.App., 1971, no writ hist.). We are convinced that justice will be better served if we remand this case for a retrial of the venue question.

The judgment is reversed and the cause remanded to the trial court for a retrial of the venue question. All costs of this appeal are taxed against the plaintiff.