**MOBIL OIL CORPORATION and W. G. Brownlee et al., Appellants,**

v.

**Darrell G. COOK, Appellee.**

**No. 8359.**

Court of Civil Appeals of Texas, Amarillo.

April 23, 1973.

Underwood, Wilson, Sutton, Heare & Berry, Jerry F. Lyons, Amarillo, for appellants.

Buzzard & Comer, Harold L. Comer, Pampa, for appellee.

ELLIS, Chief Justice.

This is a venue case. Mobil Oil Corporation and W. G. Brownlee, two of the defendants in an action wherein the plaintiff alleged a conspiracy to interfere with the sale of his business, have each appealed from an order overruling their respective pleas of privilege. Affirmed as to Mobil Oil Corporation and reversed and rendered as to W. G. Brownlee.

The plaintiff-appellee, Darrell G. Cook instituted a suit in the district court of Gray County, Texas, against Mobil Oil Corporation and W. G. Brownlee, appellants, and two other defendants, John Campbell and Sharon B. Haralson, alleging that the defendants conspired to interfere with Cook's sale of his business as a Mobil consignee to Johnny R. Hayes, and that they sought to prevent Cook's sale to anyone other than defendant Sharon B. Haralson. The appellants Mobil and Brownlee are non-residents. Mobil sought to have the cause as to it transferred to Dallas County, and Brownlee contends that he is entitled to be sued in Randall County, the county of his residence. Cook controverted the pleas of privilege on the grounds that venue should be retained in Gray County as to both Mobil and Brownlee under subdivision 4 of art. 1995, Vernon's Ann.Civ.St., and that, additionally, venue should be retained in Gray County as to Mobil under subdivisions 23 and 27 of art. 1995. The trial court heard the venue matters without a jury and entered judgments overruling the respective pleas of privilege. Both Mobil and Brownlee have appealed. No findings of fact or conclusions of law were filed by the court.

On September 1, 1965, Cook became a consignee, in Pampa, Gray County, Texas, for Mobil Oil Corporation, consignor, under a written consignment contract which could be terminated by either party at any time. The pertinent portion of the consignment contract provides:

"19. It is understood and agreed that the Consignee does not desire to be bound to perform this contract for any particular length of time, and it appearing that there is no practical or feasible way for Consignor to obtain specific performance thereof, in order to have mutuality, it is agreed that either party has the right to terminate this contract at any time, and Consignee's commission shall cease on the date of such termination; and Consignee agrees to immediately give up possession of the premises occupied by Consignee and to surrender unto the Consignor all property, moneys, or other things of value then or subsequently coming into Consignee's possession belonging to Consignor. Such termination, however, shall not affect any rights or liabilities then existing."

On or about September 29, 1970, Cook caused an advertisement to be published in the Pampa newspaper offering his consignment business for sale, and he authorized the continuation of the publication of the advertisement until after he was notified of the termination of his consignment contract. Early in October, in response to the advertisement, Johnny R. Hayes contacted Cook to discuss the purchase of his busi-

ness and equipment. They tentatively agreed upon a price of $9,000, conditioned, however, that Hayes could obtain the contract as the Mobil consignee. No written agreement was made at that time. Cook put Hayes in contact with defendants John Campbell and W. G. Brownlee, both of whom were employed by Mobil. A meeting was held by Hayes with Campbell and Brownlee at which they discussed the matter of Hayes' desire to become a Mobil consignee. Neither Campbell nor Brownlee had authority to select the consignee, but they could make a recommendation to a division office at Oklahoma City or Dallas. Nothing was shown regarding what recommendation Brownlee or Campbell made to the division office concerning the selection of Hayes as the consignee. For several months, the division office or offices had Haralson under consideration as a potential consignee. Haralson was offered the consignment contract, and he became the consignee upon the termination of Cook's contract. Further details of the evidence will be noticed in connection with our discussion of the various venue questions raised in this appeal.

The pertinent portions of the venue exceptions to art. 1995, V.A.C.S., relied upon by the appellee are:

*Subdivision 4,* providing that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides;

*Subdivision 23,* providing that suit against a private corporation may be brought in the county in which the cause of action or part thereof arose, provided such corporation has an agency or representative in such county at the time such cause of action or part thereof arose and;

*Subdivision 27,* providing that a foreign corporation may be sued in any county where such company may have an agency or representative.

As to retaining venue in Gray County over appellant Brownlee, Cook relies solely on subdivision 4, while as to appellant Mobil Oil Corporation, he relies upon subdivisions 4, 23 and 27.

The appellants have asserted nine points of error. In points nos. 1, 3, 4 and 5, they contend that venue cannot be sustained as to either Brownlee or Mobil under subdivision 4 because Cook did not prove a cause of action against either of the resident defendants, Campbell or Haralson; that there is no evidence that the appellants or any of the defendants deprived Cook of the sale of his business and that any finding that appellants or any of them deprived the appellee of such sale is so against the weight and preponderance of the evidence as to be clearly wrong. In points of error nos. 6 and 7, appellants contend that venue cannot be sustained as to Mobil Oil Corporation under subdivisions 23 and 27 because Cook has not established that a cause of action arose against Mobil and that Mobil had an agent or representative in Gray County at the time suit was filed or thereafter. In point no. 8, appellants insist that Cook has not shown that Mobil was a foreign corporation when suit was filed. In the second point, appellants contend that Cook has failed to sustain venue as to Brownlee under subdivision 4, and in the ninth point, that Cook failed to establish venue as to Mobil under subdivisions 4, 23 or 27.

A significant question for determination is whether the proof at the hearing on the pleas of privilege in this case showed that Cook had a cause of action against any of the four defendants, Mobil Oil Corporation, W. G. Brownlee, John Campbell or Sharon B. Haralson, the latter two being residents of Gray County. In order to sustain venue in Gray County under subdivision 4 as to either Mobil or Brownlee, Cook is required to prove a cause of action against a resident defendant. Park v. Wood, 146 Tex. 62, 203 S.W.2d 204 (1947). To sustain venue in Gray County against Mobil under subdivision 23, it is necessary that Cook prove a cause of action against Mobil. Stonewall Insurance Company v.

Donald, 475 S.W.2d 876 (Tex.Civ.App.— Fort Worth 1972, writ dism'd) ; Groce v. Gulf Oil Corp., 439 S.W.2d 718 (Tex.Civ. App.—Dallas 1969, no writ). It is our opinion that the evidence does not establish a cause of action against any of the four defendants in the suit.

Plaintiff Cook, in his second amended original petition, alleged that: "during the month of June, 1970, and thereafter until Plaintiff was evicted by Defendants on November 6, 1970, Defendants conspired with each other to remove Plaintiff as Mobil's consignee and to replace Plaintiff with Defendant, Sharon B. Haralson. That pursuant to such conspiracy, Defendants maliciously and with intent to injure Plaintiff overtly committed acts designed to cause Plaintiff hardship and difficulty in the operation of his business as Mobil consignee, to-wit: (3) by interfering with Plaintiff's attempted sale of property owned by Defendant and used in the operation of his business as a Mobil consignee." Two other allegations of "overt acts" were eliminated by the trial court on special exceptions.

Although the evidence discloses that defendant Haralson became the consignee of Mobil Oil Corporation in Pampa when the contract with Cook was terminated, the evidence does not show that he had anything whatsoever to do with the termination of Cook's consignment contract, or with the negotiations between Mobil or their local representatives and Johnny R. Hayes in connection with his attempt to become the Mobil consignee. There is no evidence that Haralson ever knew of the negotiations with Hayes or the offer of Hayes to buy Cook's equipment provided he became the consignee of Mobil. Thus, there was no proof that Haralson "conspired to interfere" with the sale of the business and contract as a consignee of Mobil with anyone. Therefore, no cause of action was shown against him.

Under the terms of the consignment contract of 1965, either the consignee Cook or Mobil could terminate it at any time. In the early part of November, 1970, Mobil terminated the consignment contract, and at approximately the same time, Hayes, made a *written offer* of $9,000 for the business and equipment owned by Cook. Both Cook and Hayes admitted, however, that the offer was conditioned upon Hayes' becoming consignee of Mobil. Hayes also admitted knowing that neither Campbell nor Brownlee had authority from Mobil to select a consignee, and that such decision would have to be made at a division office or by higher authority in the Mobil organization. Under the evidence submitted, no one with Mobil who had authority to select a consignee ever made any offer to Hayes to enter into a consignment contract with him, nor was it shown that either Campbell or Brownlee, the only two Mobil representatives he contacted, made a recommendation either that Hayes be selected as consignee or that he not be selected. Hayes indicated in his testimony that as a result of his conversation with Campbell and Brownlee, he was under the impression that they might recommend him as consignee, and there was some evidence from Hayes that he was told by Campbell and Brownlee that if he were selected as consignee, he should not pay Cook $9,000 for the business and equipment, and that they would help him negotiate a lower price. It is clear from the evidence that Hayes was never offered a consignment contract by anyone with Mobil who was authorized to make such an offer, and that Hayes and Cook never entered into a binding contract because Hayes was never selected as consignee of Mobil in Pampa. Thus, there is no evidence that any defendant "interfered with" any contract between appellee Cook and Hayes because it was not established that they had a contract, for Mobil never offered Hayes a consignment contract, and his offer to buy was conditioned upon his becoming the Mobil consignee.

■ The only conduct alluded to in either the petition or the statement of facts as having constituted the supposed "busi-

ness interference" are certain statements which Hayes said Brownlee and Campbell made to him to the effect that appellee's property could be bought for less than $9,000, that they would do the negotiating and that they didn't recommend that Hayes buy "blue sky," but that he could buy what he wanted to buy. Also, there was testimony that *after appellee's consignment contract was terminated*, Haralson negotiated with appellee Cook about the purchase of his equipment and the latter declined Haralson's offer of $2,000 for the equipment; that Cook then offered to sell his equipment for $4,000, whereupon Brownlee calculated the value of appellee's truck and office equipment to be $2,000 and stated that they did not allow their consignees to buy, as he called it, "blue sky." None of the foregoing establishes any interference with any contract between Johnny Hayes and appellee Cook, nor does it prove malice on the part of either Mobil Oil Corporation or its employees John Campbell and W. G. Brownlee, or on the part of Haralson, who became the consignee of Mobil Oil Corporation.

The appellants have cited the case of Martin v. Phillips Petroleum Company et al., 455 S.W.2d 429 (Tex.Civ.App.—Houston (14th District) 1970, no writ) in support of their contentions concerning the alleged interference with the contractual relations in this case. In the above cited case the court recognized that a cause of action could exist for improper interference with contractual relationship; that in order to recover for tortious and wrongful interference with business relationship, it need not be absolutely certain that the contract would have been made except for such interference, but a reasonable assurance thereof in view of all the circumstances is sufficient; and that when there is no contract, the party does not have the *right to be free from competition*, but merely the right to conduct negotiations that have a reasonable probability of resulting in a contract.

■ In the case at bar, the evidence indicates that Haralson was under consideration by Mobil prior to the time that Hayes made his offer to Cook and it was not shown that he sought to interfere with Hayes' right to become consignee. Further, no malice was shown by the acts or conduct of Campbell and Brownlee. Hayes testified to the effect that Campbell and Brownlee had stated that Cook was asking too much money for his equipment, although this was denied by Campbell and Brownlee. Even if such representations were made by Campbell and Brownlee, such evidence could properly be construed as an effort to be of assistance to a prospective consignee and does not necessarily show malice nor that they interfered with Hayes making a consignment contract with Mobil Oil Corporation. Neither does this evidence show that the higher echelons of Mobil Oil Corporation ever gave serious consideration to selecting Hayes as a consignee. Until and unless Mobil selected Hayes as consignee, or was shown to be under serious consideration, there was no contract to be subject to the alleged interference, because according to the testimony of both Cook and Hayes, their negotiations were conditioned wholly upon Hayes being able to obtain a consignment contract from Mobil Oil Corporation. Although Hayes was not selected, under this record it cannot be said with "reasonable assurance" that, except for the alleged interference, there would have been a contract of sale from Cook to Hayes. It is our opinion, that, under the evidence, no defendant could have interfered with negotiations that had a reasonable probability of resulting in a contract. Martin v. Phillips Petroleum Company et al., supra. In view of the foregoing we sustain appellants' points nos. 1–6.

■ The plaintiff's failure to prove a cause of action against Mobil Oil Corporation precludes the sustaining of venue against Mobil in Gray County under subdivision 23. See Groce v. Gulf Oil Corporation, supra, and cases cited therein. How-

ever, under subdivision 27, in order for the plaintiff to maintain venue in Gray County in this case, he must show only (1) that the defendant is a foreign corporation doing business in this state, and (2) that such corporation had an agent or representative in Gray County at the time the action was filed, Hanover Insurance Company v. Sanford, 457 S.W.2d 115 (Tex. Civ.App.—Beaumont 1970, no writ). It is not necessary that the plaintiff prove the existence of a cause of action against such foreign corporation or its alleged agent or representative. Pacific Finance Corp. v. Ramsey, 305 S.W.2d 297 (Tex.Civ.App.—Waco 1957, no writ); Hanover Insurance Company v. Sanford, supra.

 Mobil Oil Corporation contends that Cook did not prove that Mobil Oil Corporation was a foreign corporation. Cook offered in evidence the complaint filed by Mobil Oil Corporation in a forcible entry and detainer suit filed against Cook in the justice court in Gray County on November 6, 1970, wherein it was alleged under oath by a representative of Mobil that it was a New York corporation. None of the pleadings later filed by Mobil deny under oath or otherwise that it is a New York corporation. The sworn controverting pleas filed in this case incorporated the plaintiff's original petition as a part thereof, and the consignment contract executed by Cook and a representative of Mobil, designating Mobil, the consignor, as a New York corporation was introduced into evidence at the hearing without objection. Also, the controverting affidavit to Mobil's plea of privilege alleged again under oath that Mobil Oil Corporation is a foreign corporation. Mobil did not see fit to deny these allegations either by way of sworn pleadings or by testimony during the plea of privilege hearing. It is well established that, as a general rule, when a particular status has once been established, it will be presumed that such status or condition will continue until evidence to the contrary is shown or until a different presumption

arises in connection therewith. Angel v. Todd, 368 S.W.2d 224 (Tex.Civ.App.—Houston 1963, no writ); Dunn v. Johnson, 274 S.W.2d 108 (Tex.Civ.App.—Waco 1954, no writ); Wissmann v. Pape, 297 S.W.2d 703 (Tex.Civ.App.—Austin 1956, no writ); Galloway v. Nichols, 269 S.W.2d 850 (Tex.Civ.App.—Dallas 1954, no writ). In 23 Tex.Jur.2d Evidence § 106, at 147, the applicable rule regarding the failure of a party to deny or rebut testimony submitted by the adverse party is summarized in the following language:

"Ordinarily, the force of evidence against a party, though slight, is greatly increased by his failure to rebut it if the means of rebuttal are obviously at hand. Consequently, where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no evidence to rebut such testimony."

It is our opinion that under the evidence submitted regarding the corporate status of Mobil, and in the absence of any effort on the part of Mobil to deny the same or show that its residence had changed, the evidence was sufficient to show that Mobil was a New York corporation when the suit was filed. See London Properties, Inc., v. Howard—Associated—Page Services, Inc., 474 S.W.2d 580 (Tex.Civ.App.—San Antonio 1971, no writ) and cases cited therein.

 It is also contended that venue cannot be maintained in Gray County over Mobil Oil Corporation because appellee did not prove that Mobil had an agent or representative in Gray County. We do not agree. The evidence showed that Mobil had a field office in Pampa, Gray County, Texas with agents and representatives who resided in Gray County, and who had authority to make contracts for pulling and working over pumps, repairing pumps, purchasing supplies and other matters concerning production of oil and gas from wells owned by Mobil, although there were

limits of $1,000 and $5,000 for which they could contractually bind Mobil. An agent or representative within the contemplation of subdivision 27 must be more than an employee who merely handles menial or mechanical execution of tasks for the corporation; however, the testimony in this case showed that the Field Engineer and a Superintendent, within certain limitations, had authority to bind the corporation contractually with third parties in matters pertaining to the production of petroleum, and had considerable responsibilities relating to the company's commercial and business transactions not normally associated with a mere employer-servant relationship. Further, the evidence showed that Brownlee was an area manager with considerable discretion and responsibility regarding marketing operations for Mobil in a sizeable area including Gray County. Although Brownlee did not reside in Gray County, the county of venue with respect to his activities in behalf of the corporation is that wherein the corporation's agent or representative performs his duties rather than that in which he resides. Willis v. Texas Cotton Ass'n., 278 S.W.2d 458 (Tex.Civ. App.—Amarillo 1954, writ dism'd). It is our opinion that the evidence is sufficient to show that Mobil Oil Corporation had agents or representatives within Gray County within the provisions of subsection 27. Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194 (1952); Brazos River Transmission Electric Cooperative v. Vilbig, 244 S.W.2d 266 (Tex. Civ.App.—Dallas 1951, no writ); Humble Oil and Refining Co. v. Bell, 172 S.W.2d 800 (Tex.Civ.App.—El Paso 1943, no writ). We overrule appellants' eighth point and those portions of points 7 and 9 to the extent that it is contended that venue as to Mobil cannot be sustained under subdivision .27. This holding pretermits our further consideration of the remaining portions of appellants' points of error not previously passed upon.

Accordingly, the trial court's judgment overruling Mobil's plea of privilege is af-

firmed. The judgment overruling Brownlee's plea of privilege is reversed and rendered, and it is hereby ordered that the cause as to Brownlee be transferred to the district court of Randall County, Texas.