## WINTERBOTTOM v. CASEY.

(District Court, E. D. Michigan, S. D.   March 6, 1922.)

### No. 425.

Patents ⬤288—Allegation defendant maintained field office does not show established place of business.

In a bill for infringement of a patent, an allegation that defendant had a field office within the district, and therein constructed certain tunnels by a method infringing plaintiff's patent does not show that defendant has a regular and established place of business within the district, which is necessary to give the court jurisdiction, under Judicial Code, § 48 (Comp. St. § 1030).

In Equity. Suit by Joseph Winterbottom against John F. Casey, doing business under the trade-name of the John F. Casey Company. On motion to dismiss the bill for want of jurisdiction. Motion granted, unless plaintiff files an amended bill.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Monaghan, Crowley, Reilley & Kellogg, of Detroit, Mich., for plaintiff.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a motion to dismiss the bill of complaint herein for alleged lack of jurisdiction by this court over the defendant, in that the bill does not show either that the defendant is an inhabitant of this district or that he has in such district "a regular and established place of business."

The bill alleges that it is brought by plaintiff, a resident of Detroit, against the defendant, "having his principal office in the city of Pittsburgh, Pa., and a field office within the Southern Division of the Eastern District of Michigan, to wit, in the city of Detroit"; that plaintiff owns a patent upon certain methods of building sewers and tunnels, which are used by plaintiff as a contractor engaged in the business of building sewers and tunnels; that the defendant has infringed said patent within this district, by using the aforesaid patented methods of building sewers and tunnels at various places in Detroit, particularly at or upon the line of the so-called Seven-Mile road in said city. The bill contains other allegations, but no statement, averring or making it to appear that defendant is an inhabitant of, or has "a regular and established place of business" within, this district. The mere allegation in the bill that defendant has "a field office" in this district certainly falls far short of being an averment or showing that defendant has "a regular and established place of business" in such district, at least where, as in this case, the bill does not state the nature or extent of the business transacted by defendant here.

Section 48 of the Judicial Code (36 Stat. 1100 [Comp. St. § 1030]) provides as follows:

"In suits brought for the infringement of letters patent the District Courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

It not appearing, then, that the defendant is an inhabitant of this district, or that it has a regular and established place of business in this district, the motion to dismiss must be granted, unless within 10 days from this date the plaintiff files an amended bill, in which event such amended bill will stand, and be treated, as an original bill, without prejudice to the right of defendant to proceed accordingly. An order will be entered to that effect.