## WINTERBOTTOM v. CASEY.

(District Court, E. D. Michigan, S. D. August 26, 1922.)

No. 425.

1. **Equity ⟨⟩290—Amendment to show jurisdiction not permitted, unless court believes it would be true.**

   Leave to amend the bill in a suit for patent infringement, to allege that defendant has a regular and established place of business within the district, will not be granted, unless the court is satisfied that such averments would be true, so that the amended bill, if filed, would warrant relief.

2. **Patents ⟨⟩288—"Regular and established place of business," as respects venue, defined; "regular place of business;" "established place of business."**

   Under Judicial Code, § 48 (Comp. St. § 1030), permitting patent infringement suits to be brought in the district in which defendant committed acts of infringement and has a regular and established place of business, a "regular place of business" is one where business is carried on regularly, and not temporarily, or for some special work or particular transaction, while an "established place of business" must be a permanent place of business, and a "regular and established place of business" is one where the same business is in kind, if not in degree, as that done at the home office or principal place of business, is carried on.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Established Place of Business.]

3. **Statutes ⟨⟩206—Not inferred that word used is meaningless, unless no other construction possible.**

   It should not be inferred that Congress used a meaningless word in a statute, unless no other construction is possible.

4. **Patents ⟨⟩288—Field office held not a "regular and established place of business."**

   A field office, established by defendant at a place where it had a contract for the construction of a particular sewer, as a necessary incident to its construction, was not a "regular and established place of business," within Judicial Code, § 48 (Comp. St. § 1030), as to venue of patent infringement suits, though it was in charge of a superintendent, and an office force was maintained there, where none of defendant's regular business, other than the construction of such sewer, was transacted there.

In Equity. Suit by Joseph Winterbottom against John F. Casey, doing business as the John A. Casey Company. On motion for leave to amend bill of complaint. Petition denied, and bill of complaint dismissed.

See, also, 278 Fed. 847.

Monaghan, Crowley, Reilley & Kellogg, of Detroit, Mich., for plaintiff.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This is a patent infringement suit, which is now before the court on a motion by plaintiff for leave to amend the bill of complaint, by adding thereto certain allegations of jurisdictional facts absent from the bill as originally filed. Said allegations relate to the venue of the suit. The proper venue in such a

suit is prescribed by section 48 of the Judicial Code (Comp. St. § 1030), as follows:

"In suits brought for the infringement of letters patent the District Courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

In the original bill, the only averment which could be claimed to bring the case within the scope of this statute, aside from the allegation that the defendant was infringing the patent in suit in this district, was the statement that said defendant had "his principal office in the city of Pittsburgh, Pa., and a field office within the Southern division of the Eastern district of Michigan, to wit, in the city of Detroit, Wayne county, Michigan." Defendant filed a motion to dismiss said bill for lack of jurisdiction by this court over said defendant, in that it did not appear therein that the defendant was an inhabitant of this district, nor that he had "a regular and established place of business" in such district. It was thereupon ordered that the bill should be dismissed, unless the plaintiff should, within a specified time, apply for leave to amend such bill. The substance of that decision was stated in a written opinion of the court as follows:

"The bill contains other allegations, but no statement, averring or making it to appear that defendant is an inhabitant of, or has 'a regular and established place of business' within, this district. The mere allegation in the bill that defendant has 'a field office' in this district certainly falls far short of being an averment or showing that defendant has 'a regular and established place of business' in such district, at least where, as in this case, the bill does not state the nature or extent of business transacted by defendant here." 278 Fed. 847.

[1] Leave is now prayed to amend the bill by omitting the words "field office," and substituting therefor the words "regular and established place of business." As the proposed amended bill also alleges that the infringement complained of was committed within this district, said bill, as sought to be amended, would contain upon its face the required jurisdictional averments. Unless, however, the court is satisfied that such averments are in fact true, so that the amended bill, if filed pursuant to leave granted, would afford a sufficient basis in law for the relief prayed on the facts, obviously such leave should not be granted. The only showing made by the plaintiff in support of his motion to amend is an affidavit, signed and sworn to by said plaintiff, as follows:

"Joseph Winterbottom, being duly sworn, deposes and says that he is the complainant in the above-entitled cause; that he has read the motion of the defendant for a dismissal of the bill of complaint, wherein it is stated and claimed that this court is without jurisdiction for the reason that defendant is not an inhabitant of the district and has not 'within this district a regular and established place of business.' Deponent says that during the early spring of 1921—some time about April of this year—the said John F. Casey was

awarded a contract for the construction of a certain sewer in the city of Detroit; that he immediately established a field office, a regular and established place of business; that said office is housed in a frame building, said building being equipped with electric lights and telephone, which said telephone is listed in the Detroit telephone directory of the Michigan State Telephone Company; that said office is in charge of defendant's superintendent, and that an office force is maintained, consisting of bookkeeper, timekeeper, clerks, etc. Deponent further states that all or practically all of the business being done by the John ·F. Casey Company in the city of Detroit, the identical business in the doing of which the infringement claimed in this case is being done, is carried on from this regular and established office above referred to, and designated in the bill of complaint as the field office of defendant; that said office is not only under the supervision of the superintendent above referred to, but that John F. Casey personally from time to time visits said office, and personally directs or assists in the carrying on of the business and work of said office; that all of the business of the John F. Casey Company, in so far at least as this particular work is concerned, is purely a local business, and is wholly within this district and the jurisdiction of this court. And further deponent saith not."

Does this affidavit, aside from the use of the words "regular and established place of business," which must be ignored as a statement of a legal conclusion, show, by the facts therein stated, that the defendant has a "regular and established place of business" in the eastern district of Michigan, within the meaning of the applicable language of section 48 of the Judicial Code hereinbefore quoted? The answer to this inquiry depends upon the construction of said section. What was the meaning of Congress as expressed in such language?

Section 48 is a re-enactment of the Act of March 3, 1897, c. 395, 29 Stat. 695, with the substitution of the words "District Courts" for "Circuit Courts"; the latter courts being abolished by section 289 of the Code (Comp. St. § 1266). Before the passage of that statute, there was considerable doubt, as reflected by a conflict in the decisions of the federal courts, concerning the proper venue in patent infringement suits. Shortly prior to the introduction of the bill in Congress, it had apparently been held by the Supreme Court that the defendant in such a suit could be sued in any district where it might be "found," in the person of one of its agents. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Westinghouse Air Brake Co. v. Great Northern Railway Co., 88 Fed. 258, 31 C. C. A. 525 (C. C. A. 2).

The question, however, was still properly open for argument, and much uncertainty and confusion existed on the subject, as is made clear by an examination of a table of cases produced, during the debate upon this bill in Congress, by the member in charge of such bill, appearing in part 2, volume 29, Congressional Record (54th Congress, 2d Session), on page 1901, and as further shown by the language of the committee report accompanying said bill, reciting that the latter sought "to define the jurisdiction of the courts in patent suits and to remove the uncertainty which now arises as to such jurisdiction by reason of the conflicting decisions of the various Circuit Courts." Report No. 2905, 54th Congress, 2d Session. The purpose and intention of Congress were evidently to restrict the jurisdiction of the court in such cases by limiting the venue as indicated in the statute. It was

undoubtedly recognized by Congress that in this class of cases it was necessary, in the interests of both parties, that a corporation or other person should have its books of account and other records, as well as its officers and agents, readily available for use at the trial of such a case.

On the other hand, if such a defendant could be sued only in the district of which it was an "inhabitant," as was required in another class of cases, it would compel the plaintiff and its witnesses to travel perhaps across the continent, although the alleged act of infringement might have been committed in a district near the plaintiff's own home. If, then, defendant has a branch of its business in the same district where it commits acts of infringement, it would seem fair to both parties to permit plaintiff to bring suit either in the district of the defendant's home; that is, the district of which the defendant is an inhabitant, or in the district where said defendant has committed the infringing acts and also has a "regular and established place of business."

[2] It is plain that the latter words import something more than the mere doing of business in the district. United States Gramophone Co. v. Columbia Phonograph Co. (C. C.) 106 Fed. 220; General Electric Co. v. Best Electric Co. (D. C.) 220 Fed. 347; American Electric Welding Co. v. Lalance & Grosjean Mfg. Co. (D. C.) 256 Fed. 34. A "regular place of business" is, obviously, a place where such business is carried on "regularly," and not merely temporarily, or for some special work or particular transaction. The meaning of the word as thus used may be gathered, in my opinion, from a consideration of the nature of a "regular meeting," as distinguished from a "special meeting," or from the difference between a "regular station" and a "flag station," or from numerous other similar illustrations which readily suggest themselves.

[3] Passing for the moment to consider the proper construction of the phrase "established place of business," the words themselves necessarily indicate that an "established" place of business is more than, or at the very least different from, merely a "place of business." Otherwise Congress used a meaningless word, an act, with a result, which surely could not have been intended and should not be inferred, unless no other construction be possible. It is, however, entirely clear that the word was selected deliberately, to signify that the particular place of business contemplated was not any place where business might be transacted, however temporarily, but must be a permanent place of business.

Plainly, a "regular and established place of business" is a place where the *same kind of business,* in kind, if not in degree, is carried on as is done at the home office or principal place of business of the person or company involved—a place where the manufacturing or selling or other acts constituting the activities of the business are made or done, respectively, in the usual course, and contracts or deliveries are made to the general public; where orders of customers are received and attended to continuously at a fixed, permanent, "regular," "established" place; in short, a "branch" of the business.

[4] Applying these definitions and considerations to the facts in the present case, there can be no doubt that, while the defendant was engaged in doing a particular "job" in this district, and, as a part, and to facilitate the doing, of that particular piece of work, it had what it terms a "field office," where the inside work connected with that single, specific transaction was done, yet it is not alleged, and does not appear, that defendant is doing or has done any of its regular business in this district, other than the construction of a sewer upon a particular contract with the city of Detroit. As a necessary incident to the construction of such sewer, it appears from the affidavit of plaintiff that, immediately after the defendant was awarded said "contract for the construction of a certain sewer in the city of Detroit," he established a "field office," which "is housed in a frame building" and is "equipped with electric lights," and a telephone which is listed in the local telephone directory, and that said office is in charge of defendant's superintendent, and "an office force is maintained, consisting of bookkeeper, timekeeper, clerks, etc." No fact is alleged, either in the proposed amended bill or in the affidavit in support thereof, which, if true, would show that defendant has a branch office or regular establishment, constituting a regular and established place of business in this district, or anything more than the materials, furniture, and equipment necessary and incident to the completion of the temporary work of constructing the sewer referred to. If this is a "regular and established place of business," then so is the erection of a house or of a garage, or the installation of one machine in a building, and the words "regular" and "established" have no meaning and must be wholly ignored.

The original bill of complaint must be dismissed, and the petition for leave to file the amended bill denied. An order will be entered accordingly.