### BRAZOS RIVER TRANSMISSION ELECTRIC COOPERATIVE, Inc. v. VILBIG.

#### No. 14455.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1951.

Smith & Segrest, Waco, for appellant.
Wm. Andress, Jr., Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an order of a District Court of Dallas County overruling defendant's (appellant) plea of privilege to be sued in McLennan County, Texas. Plaintiff (appellee) instituted the suit for damages against the defendant occasioned by the defendant's constructing and maintaining an electric transmission line on and across his land located in Tarrant County, Texas; and, to acquire venue of the suit, he alleged that he resided in Dallas County and that the defendant is a private corporation, incorporated under the laws of the State of Texas, and has an agent and representative in Dallas County and maintains an office in the City of Garland, Dallas County; that the corporation, under contract with the City of Garland, supplies electric power and energy to said City, and in connection therewith its agent represents the corporation in furtherance of its corporate affairs. Hence under subd. 23, art. 1995, Vernon's Ann.Civ.St., venue of the cause lies in Dallas County.

The only evidence introduced on the issue of venue was addressed exclusively to whether the defendant had such an "agent or representative" in Dallas County at the time the suit was brought, as reasonably contemplated by the subdivision of the

venue statute. It is admitted, only for purpose of this proceeding, that plaintiff has a bona fide cause of action against the defendant on the merits of the suit; and it may well be stated that if the evidence raises the issue that the defendant had, in fact, such an agent or representative as contemplated by the venue statute, the judgment of the trial court should be affirmed; otherwise reversed and the venue changed to the District Court of McLennan County.

 Exceptions to the venue statute are for the benefit of the plaintiff and must be strictly construed and clearly established before a person can be deprived of his right under the statute to be sued in the county of his residence; and no strained construction should be indulged to deprive anyone of such right. Subdivision 23, of the venue statute, upon which plaintiff relies to maintain the suit in Dallas County, provides: "Corporations and Associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; * * * or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * * *."

 "The law never presumes agency." 2 Tex.Jur., p. 500, sec. 103. To the same effect is 3 C.J.S., Agency, § 315, p. 252. Thus it is always a fact to be established, and the burden of establishing that fact is always upon the plaintiff to maintain venue of the suit out of the county of defendant's residence; or, in the case of a corporation, out of the county in which its principal office is situated. The term "agency or representative" as employed in subdivision 23, is used interchangeably. Each relates to commercial or business transactions, something to do with the corporate affairs of the principal other than matters of manual or mechanical execution. The term connotes some discretionary power conferred upon such employee. The essential distinction between agency or representative, and a mere employee or servant, as contemplated by the subdivision of the venue statute, is

that the agent or representative is engaged by his principal to perform a contractual relationship with discretion binding on his principal and third party; whilst an employee or servant has no such power. While each of such employees, in a measure, has something to do with the affairs of his principal, there is an essential difference in their authority and in their relationship to their employer. "If one is employed to perform personal service for another and his physical movements in the performance of such service are subject to the other's control, he is a servant, while if he is employed to represent another in contractual negotiations or similar transactions, he is an agent." 2 C.J.S., Agency, § 2, p. 1029. See Mangum v. Lane City Rice Milling Co., Tex.Civ.App., 95 S.W. 605; Talley et al. v. Shasta Oil Co., Tex.Civ. App., 146 S.W.2d 802; Texas Power & Light Co. v. Adamson, Tex.Civ.App., 203 S.W.2d 275, 276.

In the last above cited case, the plaintiff Adamson predicated his controverting affidavit for maintenance of his suit in the county where the suit was filed, against the defendant's plea of privilege, on subd. 23 of the venue statute; and, on facts much stronger for the maintenance of the suit than are the facts here, the Texarkana Court of Civil Appeals, opinion by Justice Harvey (subsequently a member of our Supreme Court), had this to say, as to the application of the term "agency or representative": "It is sometimes difficult to distinguish between an agent or representative and a servant or employee. Any one who does the slightest act for another might be the representative of such person for the performance of that limited service if we give the term its broadest meaning. In legal contemplation, however, 'representative' implies something more than that. It connotes the use of at least some discretionary authority; the taking the place of the principal and acting in the furtherance of his business; the power to bind the principal in a contractual sense."

So, too, in Mangum v. Lane City, etc., supra, the Milling Company had an employee to purchase and solicit shipments of rice in Matagorda County, and in further-

269

ance of the Company's business the employee caused damage to the plaintiff Mangum, resulting in Mangum's instituting suit in Matagorda County, basing venue under subd. 23. The trial court overruled the defendant's plea of privilege to be sued in the county of its domicile, and on appeal the Galveston Court of Civil Appeals reversed the order of the trial court. The Court said [Tex.Civ.App., 95 S.W. 606]: "We think the evidence conclusively shows that defendant did not have an agency or representative in Matagorda county within the purview of section 23, article 1194 of the statute, and plaintiff's right to sue in that county cannot be maintained on the ground of such agency. The agent Mermilliod was a traveling purchasing agent or solicitor of defendant, and the fact that he may have frequently gone to Matagorda county and have remained there for a week or two at a time would not constitute him the local representative of the defendant in said county, nor establish the fact that defendant had an agency in said county as that term is used in the statute."

■ In the instant case it is admitted in evidence that at the time of the institution of the suit and at all times since, the plaintiff resided in Dallas County, and the defendant Brazos River Transmission Electric Cooperative, Inc., incorporated under the Electric Cooperative Corporation Act, art. 1528b, Vernon's Ann.Civ.St., had its principal office at Waco, McLennan County, Texas; that it was engaged in furnishing electric energy to persons in rural areas in this State and electrical service to other corporations authorized under the Act to receive such service; and for such purpose the said corporation constructed and maintained transmission lines in and over the State of Texas under the authority thus granted; and at the time of the institution of this suit and trial on the plea of privilege it was supplying electric power over 37 counties in Texas; and, pertinent here, to the City of Garland and five other cities in Dallas County; that it maintained a substation near the City of Garland which was listed in the Garland Telephone Directory under Number 3–4035; and that, at Garland, the defendant employed one or more

employees, among whom were Mr. M. R. Howard and his wife. The evidence is uncontroverted that Mr. Howard's duties were those of a line patrolman,—patrols about 110 miles of defendant's transmission line to see that the line is in proper working order, no defective insulations, crossarms, and the like; that his wife operates the radio at the substation and at times does some switching of electric energy when ordered to do so by the defendant's dispatcher at Grandbury (County seat of Hood County), Texas. Mr. Howard and his wife are in charge of the substation and receive orders from the dispatcher, but neither of the employees has authority to switch electric energy or to do anything connected with the furnishing of power to the City of Garland. If any switching was to be done, the dispatcher from Grandbury ordered Mr. or Mrs. Howard to do so. Mr. Howard had no discretionary authority to make contracts for the defendant,—his authority extended only as imposed upon him as an employee, a hired hand. A Mr. R. J. Sayger testified that he was the chief load dispatcher at Grandbury, employed by the Brazos River Transmission Electric Cooperative, Inc., home office at Waco, Texas; and, as such dispatcher, had Mr. Howard under his employ as foreman of the Company's high tension lines—to inspect the lines for voltage reductions, defective structures, and anything relating to the lines; he (Mr. Howard) has no authority to make contracts for the defendant without special instructions first obtained from either the superintendent or the dispatcher.

■ The burden being upon the plaintiff to establish that the defendant had such employee residing in Dallas County, with some discretionary power in the performance of services for the defendant, other than manual service as disclosed by the evidence, and plaintiff having failed to meet such burden, defendant's plea of privilege should have been sustained. Hence it has become our duty to make such order in the premises as the trial court should have made,—sustain defendant's plea of privilege and transfer the trial of the cause to the District Court of McLennan County, at

270

Waco, Texas. It is so ordered. The cause is therefore remanded to the trial court, with instructions to transfer the cause to the proper court, as in such cases made and provided by law.

Reversed and remanded with instructions.