SOUTH TEXAS ICEE CORPORATION et al., Appellants,

v.

JOHN E. MITCHELL COMPANY, Inc., Appellee.

No. 481.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 18, 1969.

Rehearing Denied Jan. 15, 1970.

Rankin, Kern, Martinez & Van Wie, H. H. Rankin, Henry John Roelofs, McAllen, John W. Stayton, Austin, for appellants.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, Storey, Armstrong & Steger, William Bedard, Dallas, for appellee.

## OPINION

NYE, Justice.

This is an appeal by the plaintiffs from the order of the trial court sustaining the plea of privilege of the defendant corporation. No findings of fact or conclusions of law were requested or filed.

South Texas Icee Corporation and Gulf Coast Icee Corporation, hereinafter called plaintiffs, sued John E. Mitchell Company, Inc. for damages allegedly resulting from a breach of contract. The defendant, a foreign corporation, filed a plea of privilege to be sued in Dallas County where it maintains its principal office and place of business. The plaintiffs duly controverted such plea, whereupon the court heard the evidence without the intervention of a jury and entered its order sustaining the plea of privilege.

The plaintiffs, claiming their exception under subdivision 27 of Article 1995, Vernon's Ann.Civ.St., contend that Valley Icee, Inc. is an "agency or representative" of defendant corporation that furthers the business of the defendant in Hidalgo County, Texas. Valley Icee, Inc. is a Texas corporation having its principal office and place of business in Harlingen, Cameron County, Texas.

Subdivision 27 of the venue statute provides that a foreign corporation may be sued "in the county where such company may have an agency or representative." The defendant, in its affidavit setting forth its plea of privilege admitted that it is a foreign corporation. Basis for the venue facts were two written agreements admitted into evidence outlining the duties and obligations of Valley Icee, Inc. who is called the "developer." Therefore, the question is whether Valley Icee, Inc. is an agent or representative that furthers the business of defendant in Hidalgo County.

The agreements reflect that the defendant corporation is the owner of certain United States patents used in the manufacturing of a cold drink machine and dispenser. The defendant operates under the trade name of "Icee". The agreement contemplates the leasing of these machines to the developer upon certain terms and conditions. The developer in turn sub-leases the machines to retailers through the use of an Icee retailer agreement. This agreement is a three-way contract between the retailer, the developer and the defendant. It provides for the retailer to pay the developer a certain specified amount as roy-

alty for each machine. Most of this royalty is remitted to the defendant. The developer retains the balance. The retailer, in addition, pays to the developer a royalty for each cup of cold drink that is dispensed by each machine. The developer pays the defendant a fixed, annual rental on each machine whether in use or not, and in addition pays a much smaller percentage royalty on each cup of cold drink dispensed by the machine.

Valley Icee, Inc., the developer, is charged with the duty of installing and servicing the machines placed with the retailer. The Valley Icee, Inc. conducts the advertising program of the "Icee" product, and bills the defendant one half of the advertising expense. The title to the machine remains in the defendant throughout the term of its use.

Appellants' first three points of error are that the trial court erred in sustaining the defendant's plea of privilege and in thereby holding that Valley Icee, Inc. was not an agent or representative of defendant in Hidalgo County within the meaning of subdivision 27 of Art. 1995, and that the evidence was legally and factually insufficient to support the theory that Valley Icee, Inc. was the agency or representative of the defendant.

The defendant corporation is engaged in the business of manufacturing and leasing cold drink dispensers. The defendant's operation is keyed to the manufacture of the machines under its patent and by leasing them out to developers on a royalty-rental basis. This is how it hopes to derive a profit. The defendant could, of course, manufacture and sell the machines to wholesalers or retailers who would be privileged to do with them as they pleased. However, defendant retains the title to the machines, and retains control of their use through its agent and representative (the developer). The developer promotes the products that the machines produce, and receives therefor a fee and royalty as income.

The defendant contends that the employees of Valley Icee, Inc. are mere servants and do not conduct a regular business on a more or less permanent basis; that their duties are only transitory and temporary in nature; they have no power to contract; and do not qualify as an agent or representative.

■ A foreign corporation doing business in Texas may be sued in any county under exception 27 of the venue statute where such company may have an agent or representative. The agent or representative must be more than a mere servant. Its duties and obligations must relate to commercial or business transactions having something to do with the corporate affairs of the principal. It must be more than matters of manual or mechanical execution. The term connotes some discretionary power conferred upon the employee. The essential distinction is that the agent or representative be engaged by his principal to perform the contractual relationship with some discretion that can bind his principal and a third party. Brazos River Trans. Elec. Cooperative v. Vilbig, 244 S.W.2d 266 (Tex.Civ.App.–Dallas 1951).

■ Since the defendant conceded that it was a foreign corporation, the only other necessary venue fact to be established was whether Valley Icee, Inc., as a developer was the agent or representative as contemplated by the venue exception. The leading case on this point is Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194 (1952). The Court said that an agent or representative is shown by proof of: " * * * a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative'." The agent or representative may be a corporation. 1 McDonald Texas Civil Practice, § 4.30.3 and 4.30.4, pages 521–526.

The two contracts are too long to state all of their terms. The basic obligations and duties of Valley Icee, Inc. is set forth in the various paragraphs of the agreements. These paragraphs obligate the representative and agent to perform, among others, the following duties for the defendant:

(1) To place and install the machines with the retailer.

(2) To advertise Icee in the manner determined by the agreement.

(3) To provide maintenance of the cold drink dispensers, sell cups and call on and promote the product with the retailers.

(4) To collect royalty from the retailers.

(5) To dispense royalties to the defendant.

(6) To select retail outlets in which Icee dispensers should be placed.

(7) To look after the details of Mitchell's (defendant's) interests and its obligations to the retailer.

(8) To exert its best efforts to promote the best interests of Mitchell (defendant) throughout the territory.

(9) To approve the quality of the syrup used by the retailer.

(10) To remove the dispenser from the premises of any retailer whose contract was terminated.

Considering the agreements introduced in evidence we find that the defendant's business interest in Hidalgo County is, to a sufficient degree, the responsibility of Valley Icee, Inc. It represents the defendant and looks after its interest. If the defendant's representative or agent did not look after these interests, the defendant would have to take care of such business itself. For instance, a very important item to the success of the leased drinking machine is the quality of the syrup used by the retailer. The contract provides that the syrup used by the retailer in the dispensers must be approved by the defendant or the developer as to manufacture, quality, mixture, drink yield, etc.

Another paragraph provides that the "Developer agrees to diligently canvas for Retailers and to promote and maintain the leases and service the Dispensers and in all reasonable and proper ways exert his best efforts to promote the best interests of Mitchell (defendant) through the territory; to receive, care for and thoroughly distribute in such territory catalogs, circulars, folders and other advertising matter as the Company shall furnish."

Still another paragraph permits Valley Icee to select the advertising media and bind and obligate the defendant to pay a certain amount of the expense of such advertising. Appellants' points one through three are sustained.

■ Appellants' fourth point raises the question of the constitutionality of subdivision 27, Art. 1995. This question was laid to rest by the Houston Court of Civil Appeals wherein the Supreme Court refused the writ of error. Commercial Insurance Company of Newark, N. J. v. John Q. Adams, 369 S.W.2d 927 (Tex.Sup.1963). This point is overruled.

Judgment of the trial court sustaining the plea of privilege of defendant John E. Mitchell Company, Inc. is reversed and judgment is here rendered that the plea of privilege be denied.

Reversed and rendered.