**AMOCO PRODUCTION COMPANY,**
Appellant,

v.

**Ralph P. MAYER et al., Appellees.**

No. 7832.

Court of Civil Appeals of Texas,
Beaumont.

June 24, 1976.

Rehearing Denied July 15, 1976.

W. B. Browder, Jr., Midland, for appellant.

Glenn W. Lewis, Richard W. Davis, San Angelo, for appellees.

DIES, Justice.

This is a venue appeal. Appellees, members of the Mayer and the Stringer families (sometimes called Mayers herein) are lessors in various oil and gas leases in Schleicher County. The instruments contain the following clause:

". . . on gas, including casinghead gas or other gaseous substance, produced from said land and sold or used off the premises or in the manufacture of gasoline or other product therefrom, *the market value at the well of one-eighth of the gas so sold or used, provided that on gas sold at the wells the royalty shall be one-eighth of the amount realized from such sale. . . .*" (Emphasis supplied.)

Amoco Production Company (Amoco) is owner of the leases and, subsequent to execution of the leases with the Mayers, contracted with Lone Star Gas Company (Lone Star) to sell the gas from the lands for a price of thirty-eight cents per million BTU, with delivery at various points. The Mayers contend that the sales of the gas did not take place at the wells, that they are entitled to royalty based on market value of the gas and are not limited to the price set by Amoco and Lone Star. The market value of gas is considerably greater now than thirty-eight cents per million BTU. Amoco filed its plea of privilege to transfer the case to Harris County, Texas. After a non-jury hearing, the court overruled the plea from which Amoco perfects this appeal.

Amoco contends the provisions under subdivision 14 of art. 1995 Tex.Rev.Civ.Stat. Ann. (1964) do not apply to this case. This subdivision reads:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ We have carefully examined the Mayers' pleading to determine "the principal right asserted—and the relief sought. . . ." See 1 R. McDonald, Texas Civil Practice § 4.22.2 at 488 (1965); *Texaco Inc. v. Gideon,* 366 S.W.2d 628 (Tex.Civ.App. 1963). While it is true they (appellees Mayers) ask for a removal of a cloud on their title, it is clear that the dispute is over royalties as previously stated in this opinion. In fact, before the hearing began, the Court asked:

"The main issue is the construction of this royalty, gas royalty, clause in the lease. Is that correct?

"MR. BROWDER [Amoco's attorney] A: That's correct, Your Honor.

"MR. LEWIS [Mayers' attorney] A: That is correct."

This being so, the following authorities reject the application under subdivision 14 of 1995 Tex.Rev.Civ.Stat.Ann. (1964). *Shamrock Oil and Gas Corporation v. Price,* 364 S.W.2d 260 (Tex.Civ.App.—Amarillo 1963, no writ); *Goodrich v. Superior Oil Co.,* 150 Tex. 159, 237 S.W.2d 969 (1951).

■ We next consider whether venue is proper in Schleicher County under subdivisions 23 and 27 of art. 1995 Tex.Rev.Civ. Stat.Ann. (1964). The question considered first, is whether appellees' cause of action or part thereof arose in that county. The leases involved here show they were signed in Harris County. They do not fix the place of payment of gas royalties. This identical question was presented in *Texas*

*Oil & Gas Corporation v. Allgood,* 492 S.W.2d 647, 649–650 (Tex.Civ.App.—Tyler 1973, no writ), where the court said:

> "The only proof offered by appellees for the purpose of showing the cause of action or a part thereof arose or accrued in Upshur County was the oil and gas lease. As stated, the lease contract was not made in Upshur County and there is nothing in the instrument obligating appellant to pay in Upshur County. Appellees argue that since the land was situated in Upshur County and appellant performed its obligation of drilling wells and producing gas in that county, appellant's obligation to pay royalty was also performable in that county. With this contention we cannot agree. The fact that the written instrument may have obligated appellant to drill wells in Upshur County does not constitute any evidence that appellant agreed to pay royalty in Upshur County."

See also *Delhi Gas Pipeline Corporation v. Allgood,* 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ); *Shamrock Oil and Gas Corporation v. Price,* 364 S.W.2d 260 (Tex. Civ.App.—Amarillo 1963, no writ). We follow these decisions and hold that appellees' cause of action, or part thereof, did not arise in Schleicher County under subdivisions 23 and 27 of art. 1995 Tex.Rev.Civ. Stat.Ann. (1964).

We next consider whether there is proof Amoco had an agency or representative in Schleicher County as mentioned in subdivisions 23 and 27 of art. 1995. To qualify as an agent or representative under these exceptions, it must be shown the person has discretionary power. *Brazos River Trans. Elec. Cooperative v. Vilbig,* 244 S.W.2d 266 (Tex.Civ.App.—Dallas 1951, no writ). Mere proof that the person is an employee or servant is not sufficient. *Ideal Baking Company v. Boyd,* 417 S.W.2d 613, 617 (Tex.Civ.App.—Tyler 1967, no writ). *Pepsi-Cola Company v. Spangler,* 401 S.W.2d 923 (Tex.Civ.App.—Texarkana 1966, no writ). See also *Humble Oil & Refining Company v. Preston,* 487 S.W.2d 956, 957 (Tex.Civ.App.—Beaumont 1972, writ dism'd). Our Supreme Court has used the term "broad powers" in defining representative. *Milligan v. Southern Express,* 151 Tex. 315, 250 S.W.2d 194 (1952). We have no such proof in this record. There is some proof that Amoco personnel at times were present in Schleicher County and that Amoco signs were erected on appellees' lands, but none of the testimony identifies any individual as having the kind of discretionary power required by the cases we cite above. We hold there is no evidence Amoco had an agent or representative in Schleicher County.

Finally, we consider whether venue was established in Schleicher County under subdivision 29a of art. 1995 Tex.Rev.Civ.Stat. Ann. (1964) which reads:

> "Two or more Defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

This requires (a) the suit must be against two or more defendants, (b) all defendants must reside outside the county of suit, (c) venue must be proper as against at least one defendant, (d) defendant seeking a venue change must be a necessary party. 1 R. McDonald, Texas Civil Practice § 4.36 (1965); *Fireman's Fund Insurance Company v. McDaniel,* 327 S.W.2d 358 (Tex.Civ. App.—Beaumont 1959, no writ). Lone Star was originally in the posture of a plaintiff with appellees becoming cross-plaintiffs. But even assuming appellees have venue against Lone Star, Amoco is a necessary party only "if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774 (1944). Joint tort feasors who are jointly and severally liable for the same

act are not necessary parties. *Leonard v. Abbott,* 366 S.W.2d 925 (Tex.1963).

 Originally this suit was brought by Lone Star against the Mayers—appellees—in the District Court of Schleichèr County to enjoin the Mayers from interfering with Lone Star's construction of a pipeline. The Mayers filed a cross-action (impleading Amoco). The Mayers complain of the Exploration Funding Agreement and Gas Purchase Agreement entered into by Lone Star and Amoco alleging that Lone Star would pay all drilling costs and "[i]f a well should prove to be a producer of oil, it would be equipped and completed through the tanks with Lone Star money"; that "Lone Star's only resource for payment was 7/16ths of the production, if and when there was production, and without interest in any event"; that "[t]he opportunity for such a contract places an intolerable burden on the lessee's duty to deal fairly with or on behalf of the lessors whose royalty interests it is throwing into the deal"; that "[a] dangerous conflict of interest is created within this contract"; and "[n]either Amoco nor Lone Star, nor the two of them acting together, should be allowed to set the price to be paid the royalty owners"; that "there is no way to translate into dollars 1/8th of the 'amount realized' from the gas sold to Lone Star under the terms of the . . . contracts." Appellees then ask that the contracts be held of no effect as to their royalties.

These assertions sound in tort; but, irrespective of that, it is clear Amoco's presence in Schleicher County is not necessary to appellees' case against Lone Star. We hold that Amoco is not a necessary party.

 Amoco's point that the trial court erred in overruling its plea of privilege because no exception to exclusive venue in the county of Amoco's residence exists in this cause is sustained. The judgment is reversed and the cause is remanded to the trial court with instruction to sever appellees' cause of action against Amoco from the remainder of the suit and to transfer the severed cause to one of the district courts of Harris County, Texas.

REVERSED and REMANDED with instructions.

STEPHENSON, J., not participating.