Claude C. ROUSE, Jr., Appellant,

v.

SHELL OIL COMPANY, Appellee.

No. 1355.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 15, 1979.

Rehearing Denied March 8, 1979.

L. Parker McNeill, Barry K. Bishop, Joan Burklin, Clark, Thomas, Winters & Shapiro, Austin, Armond G. Schwartz, Hallettsville, for appellant.

Ben H. Rice, III, James W. McCartney, Vinson & Elkins, Houston, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case. Appellant Rouse brought suit in Lavaca County against appellee Shell Oil Company for an accounting, recovery of certain unpaid gas royalties, and a declaration of the rights of the parties under the terms of certain oil and gas leases. Shell filed a plea of privilege to be sued in Harris County, the place of its residence. Appellant Rouse controverted the plea alleging that venue was maintainable in Lavaca County under Subdivision 27 of Article 1995, Tex.Rev.Civ.Stat.Ann. (1964). After a hearing, the trial court granted Shell's plea of privilege and transferred the case to Harris County. Rouse appeals.

Shell Oil Company produces gas from certain properties located in the "Provident City field" of Lavaca County. Rouse owns a royalty interest in these properties. Rouse's controverting affidavits stated that Shell has "an agency or representative in Lavaca County" and . . .

"Plaintiff [appellant Rouse] now states further that such 'agency or representative' is personified in Mr. A. S. Didner. Mr. Didner's official title in his employment with defendant Shell Oil Company is production foreman. His duties in such employment, performable in Lavaca County, Texas, include the supervision of maintenance, production and reconditioning of wells located in Lavaca County. This includes those wells described in plaintiff's Original Petition and other wells in Lavaca County, Texas, from which defendant Shell Oil Company has actually caused gas to be produced on a more or less regular and permanent basis in excess of ten (10) years.

Plaintiff further states that defendant Shell Oil Company has conferred upon Mr. A. S. Didner a certain amount of discretionary power. Namely, Mr. Didner is authorized by defendant to enter into contracts with third parties on behalf of Shell Oil Company. Such discretionary authority extends to as much as Ten Thousand and No/100 Dollars ($10,-000.00)."

At the plea of privilege hearing, the trial court heard evidence without the intervention of a jury and then entered its order sustaining Shell's plea of privilege and transferring the suit to Harris County. No findings of fact or conclusions of law were requested or filed.

Appellant's sole point of error in this appeal complains that the trial court erred in sustaining Shell's plea of privilege because the undisputed evidence established as a matter of law that Shell has an agency or representative in Lavaca County. During oral arguments both parties agreed that the evidence heard by the trial court during the venue hearing was not conflicting or in dispute. The dispute concerns the legal consequences which should be attached to such undisputed evidence.

 Where findings of fact and conclusions of law were not requested or filed, the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.Sup.1962); *Mobile County Mutual Insurance Co. v. Jacobs,* 531 S.W.2d 436, 438 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Life & Casualty Insurance Company of Tennessee v. Rivera,* 420 S.W.2d 788 (Tex.Civ.App.—Corpus Christi 1967, no writ). In venue cases, we must presume that the trial court resolved every issue of fact raised by the evidence in appellee's favor. We view the evidence in the light most favorable to such findings, disregarding all evidence that is contrary thereto. *James v. Drye,* 320 S.W.2d 319 (Tex.Sup.1959); *Mobile County Mutual Insurance Co. v. Jacobs,* supra; *Loyd W. Richardson Construction Corporation v. Corpus Christi State National Bank,* 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Subdivision 27 of the venue statute provides that a foreign corporation may be sued "in any county where such company may have an agency or representative." It is undisputed that Shell is a foreign corporation licensed to do business in the State of Texas. Rouse sought to establish "agency or representative" through proof of the authority and activities of Mr. A. S. Didner.

Didner is Shell's Production Foreman who is in charge of the office which supervises Shell's production operations in the Sheridan Production Unit. The Sheridan Production Unit is comprised of seven production units located in six counties. Although Didner conducts most of the business of Shell from his office in Colorado County, he periodically drives to the lease locations located in his six county area. Regarding his trips to the lease locations, Didner testified:

"I will take a drive through. I don't say it will be on any regular basis, but I will try to make all the leases in the field in a given month or something, you know, just to get an idea of everything that needs to be done has been done. And other than that, there is seldom any occasion to be in the field for anything."

Didner also travels to particular field locations to be present during some "special type of operation," such as a "frac job" or something more than the usual routine operations.

 The "agency or representative" requirement is not satisfied merely because the defendant corporation "does business" in the county where the suit is filed. *Colorado Interstate Gas Co. v. MAPCO, Inc.,* 570 S.W.2d 164, 170 (Tex.Civ.App.—Amarillo 1978, no writ). Compare Tex.Rev.Civ.Stat. Ann. art. 1995 (24) (1965). As a general rule, an "agency or representative" within the meaning of Subdivision 27 must be more than a mere servant. His duties and obligations must relate to commercial or business transactions having something to do with the corporate affairs of the principal, and must be more than matters of manual or mechanical execution. The term connotes some discretionary power conferred upon the employee. *South Texas Icee Corp. v. John E. Mitchell Co., Inc.,* 449 S.W.2d 786, 789 (Tex.Civ.App.—Corpus Christi 1970, writ dism'd). See *Milligan v. Southern Express, Inc.,* 250 S.W.2d 194, 197 (Tex.Sup.1952); *Colorado Interstate Gas Co. v. MAPCO, Inc.,* 570 S.W.2d 164, 170 (Tex.Civ.App.—Amarillo 1978, no writ);

*Amoco Production Co. v. Mayer*, 540 S.W.2d 353, 356 (Tex.Civ.App.—Beaumont 1976, writ dism'd); *Mobil Oil Corporation v. Cook*, 494 S.W.2d 926, 933 (Tex.Civ.App.—Amarillo 1973, no writ). The leading case on the "agency or representative" venue exception is *Milligan v. Southern Express, Inc.*, 250 S.W.2d 194 (Tex.Sup.1952). In that case, our Supreme Court stated that "agency or representative" within the meaning of the venue exception refers to the following:

> "[A] situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.'" *Milligan v. Southern Express*, 250 S.W.2d at 198.

In other words, in the situation of "agency," the agent actually conducts the business of the defendant in the county of suit; while in the situation of "representative," the representative possessing broad powers granted by the defendant resides for corporation venue purposes in the county of suit.

Appellant relies solely upon the authority and business activities of Didner to establish venue in Lavaca County pursuant to Subdivision 27. However, Shell contends that Didner's activities, which include only brief visits to each field within his multi-county territory, will not sustain venue in Lavaca County because the express terms of Subdivision 27 require that the defendant have an "agency or representative" *in the county of suit.* Appellant argues that it is sufficient for venue purposes that Didner possesses the requisite discretionary powers and duties of an agent, and that he performs these duties from his office in Colorado County on a regular basis for a multi-county area, including Lavaca County. Appellant contends that venue would be properly maintainable as to Shell in any of the counties for which Didner is responsible.

■ As a general rule, venue with respect to the activities conducted on behalf of a corporation lies in that county wherein the corporation's agent or representative performs his duties rather than the county in which he personally resides, or where he resides for business purposes. See: *Mobil Oil Corporation v. Cook*, 494 S.W.2d 926, 933 (Tex.Civ.App.—Amarillo 1973, no writ); *Willis v. Texas Cotton Association*, 278 S.W.2d 458 (Tex.Civ.App.—Amarillo 1954, writ dism'd). It is undisputed that Shell conducts a substantial amount of business in a more or less regular and permanent form in Lavaca County through its employees. However, there is no evidence in the record that any of such employees are more than mere servants of Shell. Mere supervisory power over the activities conducted in the county of suit by other employees on behalf of a defendant corporation is not sufficient to constitute an "agency or representative" in the county of suit. See *Ideal Baking Co. v. Boyd*, 417 S.W.2d 613, 617 (Tex.Civ.App.—Tyler 1967, no writ); *Davenport v. Cabell's, Inc.*, 239 S.W.2d 833, 835 (Tex.Civ.App.—Texarkana 1951, no writ).

■ The evidence shows that Didner performs his duties from his office located in Colorado County. His trips to the leases are to inspect general lease operations or to observe unusual drilling operations. Although the record suggests Didner's duties could be performed in Lavaca County, there is no evidence that he regularly does so. We conclude that an "agency or representative" for Subdivision 27 purposes must, on a more or less regular and permanent basis, discharge his duties and/or exercise his discretionary powers within the county of the suit. Viewing, as we must, the evidence most favorable to the trial court's implied findings, we cannot say that the evidence conclusively establishes as a matter of law that Didner is that "agency or representative" in Lavaca County as contemplated by Subdivision 27.

Finally, appellant suggests that an affirmance of the trial court's order sustaining Shell's plea of privilege will result in a direct conflict with our prior decision in *South Texas Icee Corp. v. John E. Mitchell Co., Inc.*, 449 S.W.2d 786 (Tex.Civ.App.—Corpus Christi 1969, writ dism'd). We do

not agree as it is clearly distinguishable. In that case the alleged "agency or representative" (Valley Icee, Inc.) was a corporation designated by written contracts as the defendant corporation's "Developer" and "Service Representative." There, the contracts in question clearly obligated Valley Icee, Inc., to perform numerous duties and to exercise considerable discretion on behalf of the defendant corporation in the county in which the suit was filed. It was undisputed that Valley Icee acted on behalf of the defendant in the county of suit even though it maintained its principal office outside of the county of suit.

The judgment of the trial court is affirmed.