CHAMPLIN PETROLEUM
COMPANY, Appellant,

v.

Rick HEINZ, Appellee.

No. 13–83–389–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1983.

Rehearing Denied Feb. 23, 1984.

Stephen L. Tatum, Cecil E. Munn, Fort Worth, William F. Seerden, Victoria, for appellant.

Robert M. Martin, Jr., Dallas, W.S. Fly, Victoria, for appellee.

Before BISSETT, KENNEDY and GON-ZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is a venue case. Rick Heinz brought suit in the 267th District Court of Victoria County against Champlin Petroleum Company alleging a cause of action for breach of contract and damages in violation of TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon Supp.1982–1983) hereinafter the "Deceptive Trade Practices Act." Champlin Petroleum Company, hereinafter called "appellant," filed a plea of privilege to be sued in Tarrant County, the county of residence of its registered agent, it being a foreign corporation. Rick Heinz, hereinafter called "appellee," filed a controverting plea alleging that venue was proper in Victoria County under the provisions of TEX.REV.CIV.STAT.ANN. art. 1995 §§ 14, 27 (Vernon 1964) and under § 17.56 of the Deceptive Trade Practices Act. Trial was to a jury. In response to the jury's answers to the special issues, the trial court entered judgment overruling appellant's plea of privilege and sustaining venue in Victoria County. We reverse.

According to appellee's pleadings, this case when tried on the merits, will involve an interpretation of a written contract (a farmout agreement) between appellant and appellee, together with a resolution of whether or not appellant made material misrepresentations to appellee as an inducement for him to enter into the contract with appellant. At the hearing on the plea of privilege, appellee admitted that the purpose of the lawsuit was "the interpretation of that agreement."

The only venue exception on which appellee offered evidence and submitted special issues was subdivision 27 of art. 1995 and § 17.56 of the Deceptive Trade Practices Act.

Subdivision 27 provides:

[f]oreign corporations ... not incorporated by the laws of this state, and doing business within this state, may be sued ... in any county where such company may have an agency or representative ....

Section 17.56 of the Deceptive Trade Practices Act states that:

[a]n action brought which alleges a claim for relief under § 17.50 of this subchapter may be commenced in the county in which the person against whom suit is brought ... has a fixed and established place of business at the time the suit is brought ....

The jury found that the "business of defendant (appellant) was, in more or less regular and permanent form, actually conducted in Victoria County," and that the "defendant (appellant) had a fixed and established place of business in Victoria County." The jury failed to find that "employers with broad powers from the defendant (appellant) actually resided and worked in Victoria County."

Appellant challenges the legal and factual sufficiency of the evidence to support the jury's findings. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); and *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

We first consider the question of whether appellant had an agency or representative in Victoria County. In *Rouse v. Shell Oil Company,* 577 S.W.2d 787 (Tex.Civ. App.—Corpus Christi 1979, writ dism'd), we held:

"In the situation of 'agency,' the agency actually conducts the business of the defendant in the county of suit; while in the situation of 'representative,' the representative possessing broad powers granted by the defendant resides for corporation venue purposes in the county of suit.

[A]s a general rule venue with respect to the activities conducted on behalf of a corporation lies in that county wherein the corporation's agent or representative performs his duties ... Mere supervisory power over the activities in the county of suit by other employees on behalf of a defendant corporation is not

sufficient to constitute an 'agency or representative' in the county of suit."

The leading case on the question of what constitutes an "agency or representative" for venue purposes in *Milligan v. Southern Express Inc.*, 151 Tex. 315, 250 S.W.2d 194 (1952). In that case, the Supreme Court held that an "agency or representative" within the meaning of the venue exception refers to:

"[A] situation on which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of representative."

■ Based on *Milligan* and our holding in *Rouse*, we must therefore look to the evidence for proof that either the appellant had employees in the county with the requisite authority, *or* that the regular business of the appellant was conducted in Victoria County in a permanent form by an agent of the appellant who resided in Victoria County.

■ The evidence presented by the parties shows that appellant was in the business of producing oil and gas; that it, as lessee, owned and operated 35 gas wells located on the McFaddin Ranch and 2 gas wells located on the Morrow Ranch. All wells are located in Victoria County, Texas. The gas produced from the wells was sold to Tennessee Gas Transmission Company. The gas was gathered by appellant in two different gas lines, one of which was connected directly into Tennessee Gas Transmission Company's line, and the other into a Houston Pipeline Company line where it was transported to a Tennessee Gas Transmission Company line. Two gas compressors were located on McFaddin Ranch. Appellant had two employees who took care of the production from the gas wells. When asked to describe their duties, one of appellant's witnesses testified:

"They tour the property every day, do what mechanical repairs are required, adjust flow rates as necessary, service the

compressors and prepare production reports."

That testimony was uncontradicted. It is conclusively shown that the employees had neither management discretion nor authority to conduct any business of any nature with third parties on behalf of appellant.

With respect to the physical properties located on appellant's McFaddin Ranch and Morrow Ranch leases, in addition to the wells, wellhead installations, gas gathering pipelines, and two compressor stations, there was a small building, 8' by 8' in dimensions, which was situated on the McFaddin Ranch. It contained a desk, chair and telephone which the employees (gaugers) would use to call in production reports to appellant's Corpus Christi district office. It was also used to store spare parts needed for the production of gas from appellant's wells. None of the appellant's business with third parties was conducted out of the small building. The evidence shows that the compressor stations were valued at approximately $400,000.00.

There is simply no evidence that appellant had any employee in Victoria County with sufficient authority to meet the standards established in *Milligan* and in *Rouse* for maintaining venue in Victoria County under subdivision 27.

We now consider whether there was any evidence which sustains the jury's finding that appellant had "a fixed and established place of business in Victoria County."

Appellee, in his controverting affidavit, alleged:

"... Plaintiff shows that Defendant maintains a field office on the McFaddin Ranch in Victoria County, Texas, from which some of their business activities on such ranch are conducted ... the presence of said field office allows Plaintiff to maintain venue in Victoria County under TEX.BUS. & COM.CODE ANN. § 17.56."

■ The term "fixed and established place of business" is not defined in the Deceptive Trade Practices Act. Therefore, the term is not one of art and is to be given

its ordinary, common construction. Although we have been unable to find a Texas case which has defined the term under the Deceptive Trade Practices Act, the term has been construed by the federal courts on several occasions. Summarizing these holdings, it has been held that merely doing business in a county is not enough to establish "a fixed and established place of business"; something more is required; it must appear that the defendant is legally engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the county; the phrase denotes a permanent, continuous, substantial office for regular business operations. *Tyler v. Ludlow-Saylor Wire Company*, 238 U.S. 622, 35 S.Ct. 941, 59 L.Ed. 1493 (1914); *Ruddies v. Auburn Spark Plug Co.*, 261 F.Supp. 648, (S.D.N.Y. 1966); *L.D. Schreiber Cheese v. Clearview Cheese*, 495 F.Supp. 313, (W.D.Pa.1980); *Jeffrey Galion, Inc. v. Joy Manufacturing Company*, 323 F.Supp. 261 (N.D.West Va. 1971).

In *Winterbottom v. Casey*, 278 Fed. 847, 848 (E.D.Mich., March 6, 1922), the Court stated:

"The mere allegation in that bill that defendant has 'a field office' in this district certainly falls far short of being an averment or showing that defendant has 'a regular and established place of business' in such district, at least where, as in this case, the bill does not state the nature or extent of business transacted by defendant here."

In *Winterbottom v. Casey*, 283 Fed. 518, 521–522 (E.D.Mich., August 26, 1922), the Court said:

"Plainly, a 'regular and established place of business' is a place where the same kind of business, in kind, if not in degree, is carried on as is done at the home office or principal place of business of the person or company involved—a place where the manufacturing or selling or other acts constituting the activities of the business are made or done, respectively, in the usual course, and contracts or deliveries are made to the general public; where orders of customers are received and attended to continuously at a fixed, permanent, 'regular,' 'established' place; in short, a 'branch' of the business.

\*   \*   \*   \*   \*   \*

"If this [field office] is a 'regular and established place of business,' then so is the erection of a house or of a garage, or the installation of one machine in a building, and the words 'regular' and 'established' have no meaning and must be wholly ignored."

■ The above mentioned federal cases all hold that a fixed and established place of business is a place where a party is engaged in carrying on in a continuous manner a substantial part of its ordinary business, which requires a significant ongoing presence by a defendant in a county where his venue is alleged to lie. The cases further hold the mere presence of sales representatives, supervisory personnel or employees in the county does not necessarily give rise to venue in that county on the ground that the presence of such employees constitutes a fixed and established place of business. Finally, it has been held that the existence of telephones in the county, does not, of itself serve to create a legal and established place of business. The legal test applied to determine whether a defendant has a fixed and established place of business under the provisions of § 17.56 of the Deceptive Trade Practices Act is virtually identical to the test for determining whether it had "an agency or representative" under art. 1995, subdivision 27.

■ Appellee, in his brief, refers to the building as being "a field office"; appellant refers to it as being "a production shack" or a "doghouse." There is no evidence that appellant maintained a "business office" in Victoria County. It is conclusively established by the evidence that the agreement upon which appellee sues was not negotiated, consummated or signed in Victoria County. There is no evidence that the words "Champlin Petroleum Company" were on the outside of the building. The telephone in the building was used solely 1)

to call in production reports to appellant's district office and to communicate with that office on matters relating to production of gas and maintenance of equipment, and, on occasion, to "order out against an open purchase order" which appellant, through its Fort Worth office, had established with a supplier. The building in question was "a portable building mounted on skids." It was not staffed by any employee of appellant, and was not occupied by any employee for "approximately ninety percent of the time." It is uncontradicted that the building was placed on the McFaddin Ranch "for the convenience of the gaugers to make their production reports and telephone in their reports." There is no evidence that any salesmen contacted any of appellant's employees at the building. It is undisputed that none of appellant's business with third parties was conducted out of the building. The evidence, when viewed in its entirety, conclusively shows that the building is not a "business office" of any kind, but is a "production facility," and nothing more.

The building was not a permanent structure. There is no evidence that it was ever given recognition as being a place of business of appellant. Moreover, with respect to the negotiation of the contract upon which the suit is founded, appellee testified:

> "Now, this is your written contract with Champlin, you negotiated it in Corpus Christi and it was signed by you in Corpus Christi and by Champlin in Houston after it was approved in the Houston office, right?
> A Yes, sir."

■ The mere allegation by appellee in his controverting affidavit that appellant "maintains a field office" in Victoria County is no evidence that it constitutes a fixed and established place of business in Victoria County within the purview of the Deceptive Trade Practices Act. If this "field office" is a "fixed and established place of business" of appellant under the evidence adduced at the hearing, then every oil and gas producer in this state who has a pro-

ducing lease has a "fixed and established place of business" for venue purposes where the producer has a place of shelter on the lease where the gauger can retire to in order to prepare his daily production reports. Such a construction would result in the words "fixed" and "established" being totally ignored, as was reasoned in *Winterbottom.*

Considering the evidence in its entirety, we hold that there is no evidence that appellant had a fixed and established place of business in Victoria County under Section 17.56 of the Deceptive Trade Practices Act.

We sustain appellant's "no evidence" points. Therefore, we do not reach its "factual insufficiency evidence" points.

The judgment of the trial court is REVERSED and judgment is here RENDERED that the cause be transferred to a district court in Tarrant County, Texas.

KENNEDY, J., dissents.

KENNEDY, Justice, dissenting.

I respectfully dissent. I believe that the majority opinion has incorrectly evaluated the law and the facts of this case concerning the application of TEX.BUS. & COMM. CODE ANN. § 17.56 (Vernon Supp.1983). In its opinion, the majority states that, "[t]he legal test applied to determine whether a defendant has a fixed and established place of business under the provision of § 17.56 of the Deceptive Trade Practices Act is virtually identical for determining whether it had 'an agency or representative' under art. 1995, subdivision 27." I disagree. Had the legislature intended for venue under the Deceptive Trade Practices Act to be the same as in other civil cases, generally, they would not have provided a special venue section to the Deceptive Trade Practices Act. Courts of Appeals are required to give the Deceptive Trade Practices Act the most liberal construction and comprehensive application possible. *First Title Company of Corpus Christi, Inc. v. Cook,* 625 S.W.2d 814 (Tex.App.—Fort Worth 1981, writ dism'd).

While I agree that the term "fixed and established place of business" has not been defined by the Courts of this state, I do not feel compelled to follow a 1914 United States Supreme Court case and a 1922 U.S. District Court case from Michigan. Other jurisdictions which have defined the term "place of business" have applied the "notoriety test". This test is that a place of business is where commercial and mercantile transactions are carried on, where products are made and from which they are sold or distributed, the place where work is generally, and not occasionally done. *In Re P.S. Products Corp.*, 7 U.C.C. Reporter 411 (E.D.N.Y.1970) aff'd., 435 F.2d 781 (2d Cir.1970). *See Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982); *In Re Enark Industries Inc.*, 86 Misc.2d 985, 383 N.Y.S.2d 796 (1976); J. White and R. Summers Handbook of Law under the Uniform Commercial Code, Sec. 23–14 (1972).

The term regular and established place of business for venue purposes in patent infringement cases has been defined as where a systematic regular and continuous course of business activity is carried on from a permanent location. *Watsco Inc. v. Henry Valve Company*, 232 F.Supp. 38 (S.D.N.Y.1964); *Railex Corp. v. White Machine Company*, 243 F.Supp. 381 (E.D.N.Y.1965).

Giving the term its plain meaning as it is found in § 17.56, I would hold that, for venue purposes under the Deceptive Trade Practices Act, a fixed and established place of business is one where the regular business of the party is conducted on a continuous basis from a permanent location.

Reviewing the evidence in this cause, I find that the appellant is in the business of producing oil and gas; that appellant has been producing oil and gas in Victoria County for thirty years; that appellant has an elaborate facility located in Victoria County valued at approximately $400,-000.00; and that appellant has had two permanent employees in the county for a number of years. I feel that, under these facts, the appellant has a fixed and established place of business in Victoria County for venue purposes under the provisions of § 17.56.

I would acknowledge that not every instance of oil and gas production in a county would give rise to venue under the Deceptive Trade Practices Act. Each case must be viewed on its individual facts to determine whether venue is proper under the Act. However, taking the definition given the term by the majority to its logical conclusion, a defendant could have a multi-million dollar production type facility in a county and not be subject to venue in that county as long as no "business" was done from that facility but only "production". I do not believe this was the intent of the legislature in promulgating § 17.56. I would uphold the jury findings and hold that venue was proper in Victoria County under § 17.56.